**In the Matter of ZIP PRINT, INC., Debtor.**

**ZIP PRINT, INC., Plaintiff,**

v.

**Vivian KELLER and Kitty Dahlberg, Defendants.**

**Bankruptcy No. 80–0280A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

June 17, 1980.

Larry S. Bryant, Bryant, Davis & Cowden, Atlanta, Ga., for plaintiff.

Tyler Dixon, Atlanta, Ga., for defendants.

## ORDER

A. D. KAHN, Bankruptcy Judge.

Before the court is Defendants' "Traverse of Service."

■ Since neither the Federal Rules of Bankruptcy Procedure nor the Federal Rules of Civil Procedure use the phrase "traverse of service," the document filed by Defendant will be construed by the court to constitute a motion to dismiss for insufficiency of service of process as provided by Rule 712(b) of Bankruptcy Procedure and by Rule 12(b)(5) of Civil Procedure.

Bankruptcy Rule 704(b) governs questions of sufficiency of process whenever service is made personally, as it was in the instant proceeding. That Rule, unlike its counterpart in the Civil Rules, (Fed.R.Civ.P. 4(b)), provides that personal service may be made "by any person . . . who is not a party."

The Certificate of Service filed by Plaintiff indicates that personal service was made by one, Kenneth A. Moss, who is, according to the Certificate, employed or otherwise connected with Zip Print, Inc., Plaintiff herein.

■ The question therefore becomes whether an individual such as Mr. Moss, who is presumably an employee of Plaintiff, is prohibited from personally serving the complaint and summons upon Defendant on the ground that Mr. Moss is a "party" as that word is used in Rule 704(b).[1] For the reasons given below, the court is inclined to conclude that Mr. Moss is not a "party" and, therefore, is qualified to perform personal service upon Defendants.

Apparently, Defendant/movant contends that Rule 704(b) precludes any employee of corporate Plaintiffs from making personal service on behalf of the corporation. If this position were adopted generally by Bank-

---

1. While the Federal Rules of Civil Procedure only permit court officials to serve summons and complaints, Fed.R.Civ.P. 4(b), the standard for determining who may serve subpoenas under the Civil Rules is exactly the same for determining who may serve summons and complaints under the Bankruptcy Rules. *Compare* Fed.R.Civ.P. 45(c) *with* R.Bankr.P. 704(b). Unfortunately, there has been no authority developed under Civil Rule 45 which addresses the question of who may personally serve subpoenas on behalf of corporate parties.

ruptcy Courts, then corporate Plaintiffs might find themselves totally unable to effect personal service,[2] since the only way in which corporate Plaintiffs may make personal service is through agents or employees.

Furthermore, the Rule states that only a "party" is precluded from serving process; to attempt to draw lines which distinguish between agents who may serve complaints on behalf of corporate parties and agents who may not perform service on behalf of corporate parties is not only to rewrite Rule 704, but also to attempt to make purely arbitrary distinctions between corporate agents. These distinctions between agents would surely be inevitably arbitrary, because no particular type of corporate agent is inherently less inclined to perform "sewer service"[3] than any other type of corporate agent.

Accordingly, this court considers the word "party," as it appears in Rule 704(b), to mean *only* those entities or individuals who would be bound by any judgment rendered in the action. The adoption of this standard means that Mr. Moss may validly perform personal service on behalf of Plaintiff, as contemplated by Rule 704(b), since Mr. Moss would not be personally bound by any judgment rendered.[4]

Defendant's "Traverse of Service," as interpreted herein to constitute a motion to dismiss under Rule 712(b)(5), is accordingly DENIED.

IT IS SO ORDERED.

---

2. Of course, personal service may always be had, for a fee, (and often at the further cost of delay and inconvenience), by contacting the federal Marshal. Personal service, which is governed by Rule 704(b), should be distinguished from service by mail, which is also available in bankruptcy, as provided by Rule 704(c).

3. "Sewer service," or intentional failure to complete required service, is probably the major reason behind the Rule 704 exception which precludes parties from performing their own service.

4. Corporate agents may, in rather bizarre cases, find themselves personally concluded by a judgment just as their principal may be bound. Examples would include class actions where both principal and agent are in the same class and those cases where the corporate veil is pierced by the court prior to the time of a Rule 712(h) waiver of the 712(b)(5), defense.